MONCURE v. DUBUCLET. See Case No. 8,-538.

MONELL (JOHNSON v.). See Case No. 7,-399.

MONIRE v. The THOMAS MORGAN. See Case No. 6,694.

---

## Case No. 9,708.

### The MONITOR.

#### [9 Ben. 78.] [1]

District Court, E. D. New York. March, 1877.

COLLISION—ON INLAND CANAL—JURISDICTION.

The jurisdiction of the admiralty court over cases of collision upon inland canals upheld upon authority.

[Cited in Malony v. City of Milwaukee, 1 Fed. 612.]

A collision occurred on the Delaware and Raritan canal, in the state of New Jersey, between the steam barge Monitor and the canal boat Estelle, whereby the latter was sunk. She belonged in New York, and a libel was filed to recover for the damages. The answer of the owners of the Monitor sets up the want of jurisdiction of the admiralty courts over such cases occurring upon canals.

Beebe, Wilcox & Hobbs, for libellant.

Benedict, Taft & Benedict, for claimants.

BENEDICT, District Judge. This is an action to recover the damages caused by a collision that occurred between the steam barge Monitor and the canal barge Estelle, about twelve miles west of New Brunswick on the Delaware and Raritan canal. Upon the evidence I am of the opinion that the collision was caused by the negligence of the steam barge.

The main question of the case is one of jurisdiction. In behalf of the defence it is contended that the admiralty has no jurisdiction of a collision occurring on any canal,

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

while the libellant insists that such a thoroughfare as the Delaware and Raritan canal can be no other than navigable water, and so within the jurisdiction. This precise question has never been decided by the supreme court of the United States, although it cannot be denied that general expressions have been used by that court which afford support to the claim of jurisdiction. It is conceded, however, that there are several adjudged cases in other courts, that if followed would support this libel. But it has been earnestly requested by both sides that in the absence of authority controlling this court, the question be examined and determined in this case upon principle, and to that end I have been furnished all the assistance that can be derived from an exhaustive argument of the whole question by the advocates. In view of this request the case has been held, in the hope that some intermission of pressing business might occur in which justice to these arguments could be attempted to be done in the opinion of the court. But it is manifest that the case can be no longer delayed from this purpose without injustice to the libellant, and I therefore feel impelled to follow the cases where a similar question has arisen, without attempting at this time to set forth my own views.

Decree for libellant, with an order of reference to ascertain the amount of damages.

[An application to the supreme court for a writ of prohibition was refused by a divided court.]